NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2112
_____

In Re:  SUMMIT METALS, INC.,
                                        Debtor

AMBROSE M. RICHARDSON, III,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-09-cv-00256)
District Judge:  Honorable Sue L. Robinson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 24, 2012

Before:  FISHER and GREENAWAY, JR., *Circuit Judges*, and JONES,* *District Judge*.

(Filed: April 17, 2012)
_____

OPINION OF THE COURT
_____

JONES, *District Judge*.

        On May 3, 2011, Ambrose M. Richardson, III ("Appellant" or "Richardson") filed

a Notice of Appeal with this Court challenging the District Court of Delaware's order

_____

        *The Honorable John E. Jones, III, District Judge for the United States District
Court for the Middle District of Pennsylvania, sitting by designation.

denying his appeal from the United States Bankruptcy Court for the District of Delaware. For the reasons set forth below, we shall affirm the order of the District Court. Also pending before this Court are three separate motions to supplement the record with additional appendices[1] and a motion to file supplemental briefing. We shall deny the motions to supplement, and the motion to file supplemental briefing, as our decision renders them moot.

## I. Factual Background

Since the findings of fact contain a detailed factual recitation, and because we write primarily for the parties, we shall only provide a few relevant facts as necessary throughout our analysis.

## II. Procedural History

Richardson filed a Notice of Appeal with the District Court appealing the order of the Bankruptcy Court entered March 4, 2009, which granted the Chapter 11 Trustee's ("Appellee" or "Trustee") Motion pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, and approved a settlement between Francis A. Monaco, Jr., the Chapter 11 Liquidating Trustee, and Richard E. Gray ("Gray"). Although the original claim against Gray sought an amount in excess of $40 million, the Bankruptcy Court ultimately approved a $100,000 settlement of the remaining claims against him. On

---

[1] The three filings include: (1) a Motion Pursuant to FRAP 10(e) filed on September 21, 2011; (2) Appellant's Second Motion Pursuant to FRAP 10(e) filed on November 4, 2011; and (3) Appellant's Third Motion Pursuant to FRAP 10(e) filed on January 24, 2012.

March 23, 2011, the District Court issued a memorandum and order denying the appeal and affirming the March 4, 2009 oral opinion of the Bankruptcy Court.

### III. Jurisdiction and Standard of Review

The District Court exercised jurisdiction over Richardson's bankruptcy appeal pursuant to 28 U.S.C. § 158(a). We have appellate jurisdiction over Richardson's appeal from the District Court's final decision pursuant 28 U.S.C. § 1291.

We review findings of fact made by the bankruptcy court for clear error, and review questions of law *de novo*. *See Lebron v. Mechem Fin. Inc.*, 27 F.3d 937, 942 (3d Cir. 1994). Although we review *de novo* whether the Bankruptcy Court should have analyzed a settlement under the factors enunciated in *In re Martin*, 91 F.3d 389 (3d Cir. 1996), we review whether the approval of that settlement was proper by applying the abuse of discretion standard. *See In re RFE Indus. Inc.*, 283 F.3d 159, 165 (3d Cir. 2002) ("We review *de novo* whether the bankruptcy court should have analyzed the Settlement under the *Martin* analysis."); *Will v. Nw. Univ.* (*In re Nutraquest, Inc.*), 434 F.3d 639, 644 (3d Cir. 2006) ("We review the District Court's approval of the settlement for an abuse of discretion.").

### IV. Discussion

Appellant raises a number of arguments in opposition to the District Court's order affirming the settlement approved by the Bankruptcy Court. However, we ultimately find

3

it necessary to address only the contention we find most compelling in determining whether to uphold the decision of the District Court.

Appellant claims that, in approving the Gray settlement, the Bankruptcy Court failed to properly consider the factors enunciated by this Court in *In re Martin* for evaluating a settlement between an estate and an adverse party: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." 91 F.3d at 393. Richardson contends the decision of the Bankruptcy Court was so perfunctory that it is questionable whether an analysis was conducted. He also argues that the Bankruptcy Court failed to make any separate findings, and that it blended its discussion of the four factors to such an extent that its decision as to any one of them standing alone could not be distinguished from the other factors.

The Bankruptcy Court stated the following concerning the *Martin* factors in its oral ruling from the bench at the conclusion of the March 4, 2009 hearing:

> In reviewing the factors to be applied under Martin, it seems to me really the complexity and likelihood of success and collectability factors are all tied closely together. And there is just so much uncertainty in the pursuit of the collection of this judgment. I can certainly understand the Liquidating Trustee's business decision that it serves no further purpose or no further good purpose to expend any more estate funds in pursuit of this collection, even if funds were available. Approving the settlement brings the matter, as has been testified, one step closer to conclusion, meaning the Chapter 11, and the completion of responsibilities under the plan.

Richardson also challenges the Bankruptcy Court's finding that "this proposed settlement falls above the lowest point in the range of reasonableness and I am prepared to approve it," on the grounds that the court neglected to establish a "range of reasonableness." For example, Appellant argues that notwithstanding the $5.4 million Gray received from the sale of Rich Realty, the settlement provided creditors with less than two percent of the funds allegedly available. Richardson maintains that additional money could have been discovered if not for the Trustee's failure to conduct an adequate investigation into the funds controlled, or that were once controlled, by Gray.

In response, Appellee correctly notes that the standard of review for a compromise entered under Bankruptcy Rule 9019 is an abuse of discretion standard. *See In re Nutraquest, Inc.*, 434 F.3d at 644. As we noted in *Nutraquest*, "for us to find an abuse of discretion the District Court's decision must rest on a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Id.* at 645 (internal quotation marks omitted).

Concerning the *Martin* factors, Appellee claims that the Bankruptcy Court's oral opinion exhibits a thorough and thoughtful analysis of the settlement and related issues, including an analysis of the *Martin* factors, the testimony of the Liquidating Trustee, and the objections lodged by Richardson. As to the first factor, Appellee emphasizes the Bankruptcy Court's finding that the Trustee lacked sufficient funds, without expending money designated for the unsecured creditors, to pursue the Rich Realty claims.

5

Regarding the second factor, the Trustee asserts that he contracted with a private investigation firm to search for unencumbered assets that Gray possessed. Concerning the third factor, the Trustee contends that he exercised his business judgment in concluding that the uncertainty surrounding collection of the remaining funds justified his decision to abandon the same. Finally, as to the fourth factor, the Trustee highlights the Bankruptcy Court's finding that "in Bankruptcy Court, the exercise is about maximizing value for the creditors. And . . . it often involves an exercise of risk/reward of cost benefit, and here I am convinced that the Liquidating Trustee has made the appropriate cost benefit analysis."

Given the deferential standard of review afforded a bankruptcy court's approval of a settlement pursuant to Bankruptcy Rule 9019, we find that the Bankruptcy Court did not abuse its discretion in approving the settlement and that the explanation provided, though abbreviated, was not deficient given the Bankruptcy Court's extensive familiarity with the case over the decade that the case languished on its docket. While we realize that Appellant may have desired a more thorough discussion of the *Martin* factors as they relate to the Bankruptcy Court's approval of the settlement, the fact remains that the Bankruptcy Court addressed each of the factors after the issues surrounding acceptance of the settlement were fully briefed and argued by the parties. *See In re Martin*, 91 F.3d at 393 (noting "it is an unusual case in which there is not some litigation that is settled between the representative of the estate and an adverse party").

Here, as to the first factor, the Bankruptcy Court recognized that the Trustee lacked sufficient funds to pursue the estate's claims against Rich Realty in remarking that such an endeavor "it seems to me would be, based on the record that was made, a completely speculative undertaking." The Bankruptcy Court also noted that the Trustee had likely expended more time and money than was required in attempting to find an attorney or law firm to represent the creditors, on a contingency fee basis, in pursuit of this speculative claim. Accordingly, it appears that the Bankruptcy Court did not abuse its discretion in concluding that the probability of success in litigating such claims was low.

Similarly, with regard to the second factor, the Bankruptcy Court determined that the difficulties in attempting to collect these claims far exceeded the purported benefit from the same. In analyzing the third element, the expense, inconvenience, and delay associated with collection of the claims, the court stated "there is just so much uncertainty in the pursuit of the collection of this judgment" and "I can certainly understand the Liquidating Trustee's business decision that it serves no further purpose or no further good purpose to expend any more estate funds in pursuit of this collection, even if funds were available." *See In re Nutraquest*, 434 F.3d at 646 ("The balancing of the complexity and delay of litigation with the benefits of settlement is related to the likelihood of success in that litigation.").

Concerning the fourth element, the paramount interest of the creditors, the Bankruptcy Court concluded that despite some creditors' objections to the settlement, and an indication some were willing to wait longer for the slightest chance of a more substantial recovery, "the exercise is all about maximizing value for creditors." As noted above, the District Court highlighted that "in Bankruptcy Court, the exercise is all about maximizing value for the creditors. And . . . it often involves an exercise of risk/reward of cost benefit, and here I am convinced that the Liquidating Trustee has made the appropriate cost benefit analysis that further pursuit, especially in light of the possibility of receiving $100,000." Thus, we find that in approving the settlement the court, given its thorough knowledge of the chronology of the case, held the paramount interest of the creditors as its ultimate goal in reaching this decision. Moreover, we find that to remand the case to the Bankruptcy Court would prove needlessly futile and would result in a waste of judicial resources, as the four *Martin* factors clearly played a prominent role in the court's discussion. While a remand might cause the Bankruptcy Court to more explicitly tailor its analysis to the *Martin* factors, we are confident that the outcome would remain unchanged.

Finally, as our decision does not involve consideration of the documents Appellant seeks to introduce into the record through the three pending motions to supplement, we shall deny the motions to supplement as moot. We shall also deny as moot Appellee's Conditional Motion Pursuant to Rule 27 of the Federal Rules of Appellate Procedure to

8

Permit Supplemental Briefing related to the motions to supplement. In addition, we note that to the extent Appellant seeks to introduce reports, correspondence from Gray to the Trustee's counsel, a letter agreement between Gray and the Trustee regarding the scope of the Trustee's "due diligence," or other exhibits that existed prior to the Bankruptcy Court's ruling, such materials would have been more appropriately introduced in the first instance in front of the Bankruptcy Court. At this stage of the appellate process, it is not our task to consider evidence that was apparently not before the Bankruptcy Court. *See In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts*, 913 F.2d 89, 96 (3d Cir. 1990) ("This Court has said on numerous occasion that it cannot consider material on appeal that is outside of the district court record. . . . In *Sewak v. INS*, 900 F.2d 667, 673 (3d Cir. 1990), we stated that 'as an appellate court we do not take testimony, hear evidence or determine disputed facts in the first instance. Instead, we rely upon a record developed in those fora that do take evidence and find facts.'").

## V. Conclusion

For the reasons stated above, we shall affirm the order of the District Court.